1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BLUE SPIKE, LLC,

                              Plaintiff,

    vs.

IMAGEWARE SYSTEMS, INC.,

                           Defendant.

CASE NO. 14CV850 BEN (BLM)

**ORDER DENYING MOTION TO STAY**

[Docket No. 41]

Defendant ImageWare Systems, Inc. moves to stay this case pending the outcome of motions for summary judgment filed by defendants in other cases involving the same patents at issue in this case. (Docket No. 41.) Plaintiff Blue Spike, LLC opposes the motion. For the reasons outlined below, the motion is **DENIED**.

## BACKGROUND

This action was filed on September 21, 2012 in the Eastern District of Texas and consolidated with many other cases asserting infringement of the same four patents at issue in this case. Defendant's motion to transfer venue to this district was granted and the case was transferred here on March 13, 2014.

Motions for summary judgment for invalidity based on indefiniteness were recently filed in the consolidated action in the Eastern District of Texas and the Court of Federal Claims based on the invalidity of the same four patents that are at issue in this action.

**DISCUSSION**

Defendant seeks a stay of this case pending resolution of the motions for summary judgment pending in the Eastern District of Texas and the Court of Federal Claims.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, a court considers: (1) "the hardship or inequity which a party may suffer in being required to go forward;" (2) "possible damage which may result from the granting of a stay;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Defendant bears the burden of establishing the need for the stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

Defendant has failed to establish the need for the stay. Defendant has not identified any hardship it will suffering in proceeding with this action other than defending itself in litigation. Plaintiff has identified possible damage it will suffer if the case is stayed. Plaintiff notes that its efforts to license the technology at issue have been undermined and will continue to be undermined until this case, filed more than two years ago, is resolved.

Defendant relies heavily on the potential efficiency of awaiting other courts' decisions concerning the validity of the patents at issue, presumably to avoid litigating the same issues in this case. However, Plaintiff accurately notes that Defendant has not agreed to be bound by the other courts' decisions on invalidity if the decisions are unfavorable to Defendant. Regardless, any gains in efficiency do not outweigh the prejudice to Plaintiff in delaying this case further, particularly when Defendant will not suffer any prejudice.

1

**CONCLUSION**

2      The motion to stay is **DENIED**. The October 14, 2014 hearing date is vacated.

3

4    **IT IS SO ORDERED**.

5

6    DATED:  October 9, 2014

7

8                                        Hon. Roger T. Benitez
                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28